IN RE DISQUALIFICATION OF WALKER.

FEDERAL LAND BANK ASSOCIATION *v.* WALTON ET AL.

[Cite as *In re Disqualification of Walker* (1992), 74 Ohio St.3d 1239.]

(No. 92–AP–020—Decided April 15, 1992.)

MOYER, C.J. A document purporting to be an affidavit of disqualification seeking the disqualification of Judge Robert D. Walker from further proceedings in the above-captioned case was filed by William J. Walton and Joyce D. Walton on February 11, 1992.

The affidavit accuses Judge Walker of issuing unlawful orders and acting when he was allegedly divested of jurisdiction, and makes general attacks on the integrity and ability of Judge Walker.

These vague, unsubstantiated allegations are wholly without merit and are not grounds for disqualification. The affidavit is found not well taken and is hereby denied.

It is observed that affiant William J. Walton has filed at least nineteen affidavits of disqualification since 1987 against at least six different judges in numerous cases. Also, this is the third affidavit of disqualification filed in this case against the same judge. All of the previous affidavits were found to be unmeritorious.

The filing of an affidavit of disqualification results in a stay of proceedings until the matter is ruled upon by the Chief Justice. In nearly all of the affidavits filed by affiant, at least one scheduled hearing in each case was postponed pending disposition of the affidavit.

These repeated filings, often coming close to a scheduled hearing date, have caused judges and attorneys to abruptly adjust their schedules, with significant delay in the administration of justice, and unnecessary additional expense to the court, the parties, and counsel. This affiant has repeatedly been cautioned that an abuse of this process could result in sanctions against him.

"Plaintiff [Walton] and his counsel are reminded that the filing of frivolous, unsubstantiated, or repeated affidavits could result in appropriate sanctions being taken against the party or his counsel." *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461.

This and subsequent admonitions have been ignored and, indeed, flouted. Therefore, it is hereby ordered that opposing counsel shall have fourteen days from the date of this entry to file a motion for contempt against William J. Walton, which may include a request for sanctions, attorney fees, and expenses incurred by opposing counsel relative to the filing of this latest affidavit of disqualification. If a motion is filed, affiant shall have fourteen days from the date of filing to file his response, if any.